UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LACEE LACESA et al.,

Plaintiffs,

v.

WALGREEN CO. et al.,

Defendants.

Case No. 2:22-cv-02558-MCS-JPR

**ORDER RE: MOTION TO DISMISS (ECF NO. 34) AND MOTION TO STRIKE OR DISMISS (ECF NO. 42)**

Defendants Mylan Specialty, L.P., Mylan Pharmaceuticals Inc., Mylan LLC, and Pfizer Inc. move to strike or dismiss the First Amended Complaint of Plaintiffs Lacee Lacesa, E.L., and A.L. (EpiPen Mot., ECF No. 42.) The movants withdrew the motion upon the settlement of Plaintiffs' claim against them. (Notice of Settlement, ECF No. 67.) The Court deems the motion withdrawn and terminates the motion.

Defendant Walgreen Co. also moves to dismiss the First Amended Complaint. (Mot., ECF No. 34.) Plaintiffs filed a brief opposing the motion, (Opp'n, ECF No. 60), and Walgreen filed a reply, (Reply, ECF No. 63). The Court heard oral argument on August 1, 2022. (Mins., ECF No. 68.)

///

1

## I.     BACKGROUND

According to the First Amended Complaint, Plaintiffs are the survivors of Decedent Daniel Lacesa. (FAC ¶¶ 1–4, 14, ECF No. 23.) After suffering an allergic reaction, Decedent was prescribed an EpiPen, and Walgreen filled his prescription. (*Id.* ¶ 13.) Months later, EpiPen's manufacturers issued a generic warning letter "regarding spontaneous device failures, manufacturing defects, and identified use errors." (*Id.*) Walgreen failed to inform Decedent "of various defects in the medication and medical device (an EpiPen)." (*Id.* ¶ 33.) As a result, Decedent was unable to properly self-administer medication during another allergic reaction, and he passed away. (*Id.* ¶¶ 13–14, 33.) Plaintiffs bring one claim against Walgreen for negligence. (FAC ¶¶ 30–36.)[1]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true

---

[1] Plaintiffs also bring a products liability claim against other defendants. (FAC ¶¶ 15–29.) That claim has been settled but not formally dismissed. (*See* Notice of Settlement.)

a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.   DISCUSSION

Walgreen argues Plaintiffs cannot maintain their claim because it sounds in products liability, and products liability claims cannot be brought against retail pharmacies. (Mot. 3, 7–8 (citing *Murphy v. E.R. Squibb & Sons*, 40 Cal. 3d 672 (1985)).) On the face of their pleading, Plaintiffs assert a negligence claim wherein the breach element essentially amounts to a failure to warn the Decedent of defects in the medication and medical device. (FAC ¶ 32.) Notwithstanding the similarity between Plaintiffs' negligence theory and the strict liability claim Walgreen interprets it to be, Walgreen offers no authority that permits the Court to usurp Plaintiffs' mastery over their own pleading and rewrite their claim as one for products liability. *See Newtok Village v. Patrick*, 21 F.4th 608, 616 (9th Cir. 2021) ("A plaintiff is the master of his complaint and responsible for articulating cognizable claims."); *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 317 (2017) ("Negligence and strict products liability are separate and distinct bases for liability that do not automatically collapse into each other because the plaintiff might allege both when a product warning contributes to her injury." (internal quotation marks omitted)).

Notwithstanding, the Court agrees with Walgreen that Plaintiffs have not stated a negligence claim. To state a claim, the plaintiff must allege "a legal duty to use due care, a breach of such legal duty, and that the breach is the proximate or legal cause of the resulting injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1142 (2016) (cleaned up). Plaintiffs plead no facts from which it may be inferred that Walgreen owed a legal duty to them or Decedent. Plaintiffs argue that a duty may be inferred from their pleading of the breach element—that is, that Walgreen had a duty to "provid[e] necessary warnings regarding medications Plaintiffs' Decedent had been prescribed." (Opp'n 10 (alteration in original) (quoting FAC ¶ 32).) But the *source* of that duty is left unpleaded and uncertain. Plaintiffs plead no facts plausibly linking the general legal duty to take

reasonable care to avoid causing injury to the specific, affirmative duty to warn articulated here. *See Brown v. USA Taekwondo*, 11 Cal. 5th 204, 213–14 (2021) (discussing Cal. Civ. Code § 1714).

To the extent Walgreen's duty arises from its role as the retail pharmacy that fulfilled Decedent's prescription, the claim fails under the learned intermediary doctrine. The doctrine provides that a duty to warn of inherent risks of a prescription medication runs from the manufacturer to the prescribing physician, not to the end user. *Bigler-Engler*, 7 Cal. App. 5th at 319. Thus, the law does not impose on retail pharmacies a duty to warn medication users of the risks of the medication. *See Luke v. Family Care & Urgent Med. Clinics*, 246 F. App'x 421, 425 (9th Cir. 2007) (affirming application of learned intermediary doctrine under Washington law to reject failure to warn claims against pharmacy). Plaintiffs correctly note that the doctrine does not extend to "medical devices . . . which require the patient to use and apply the medical device themselves." *Bigler-Engler*, 7 Cal. App. 5th at 319. (*See* Opp'n 11–14.)[2] But Plaintiffs' pleading casts Walgreen's duty as an obligation to warn Decedent "regarding *medications*," not regarding the device used to administer medications. (Opp'n 10 (quoting FAC ¶ 32).) At the least, by referring to an EpiPen as both a medication and a medical device, the First Amended Complaint fails to navigate this nuance in the doctrine. (*E.g.*, FAC ¶ 13(f) ("[I]n attempting to administer the epinephrine in the EpiPen prescribed to Plaintiffs' Decedent, the administration failed . . . such that insufficient medication (if any at all) was administered to Plaintiffs' Decedent."); *id.* ¶ 17 ("As the producer of a prescription drug and medical device, [the manufacturer defendants] are liable for injuries caused by the EpiPen . . . ."); *id.* ¶ 33 ("Plaintiffs' Decedent was never informed of various defects in the medication and medical device

---

[2] The Court declines to address Walgreen's argument that any claim resting on a duty to warn of risks associated with a medical device is preempted. (Reply 5–6.) *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

(an EpiPen) . . . .").) The Court cannot reach into the opposition brief to sustain an unpleaded or underpleaded theory of duty circumventing the learned intermediary doctrine. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).[3]

Even assuming Walgreen had a duty to warn, Plaintiffs plead no facts from which it may be inferred that Walgreen's duty extended to a time after it filled the prescription for Decedent. (*See* Mot. 11.)[4] Plaintiffs offer no plausible facts upon which the law would oblige Walgreen to issue an affirmative warning to Decedent months after the pharmacy transaction occurred. *Cf. Murphy*, 40 Cal. 3d at 679 ("The pharmacist is in the business of selling prescription drugs, and his role begins and ends with the sale.").

The Court dismisses the claim for failure to state facts giving rise to a cognizable legal duty.[5]

As a general rule, leave to amend a dismissed claim should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

---

[3] The Court also cannot accept Walgreen's proffer that an EpiPen is a medication, not a medical device. (Reply 3–4.) This is a factual issue far outside the four corners of Plaintiffs' pleading and clearly inappropriate for resolution on the pleadings. *See* Fed. R. Civ. P. 12(d).

[4] Although Walgreen casts this as a breach argument, it concerns the scope of Walgreen's legal duty.

[5] The Court briefly addresses and rejects Walgreen's argument that Plaintiffs fail to allege a plausible theory of causation. Plaintiffs allege that the manufacturers' warning letter "did not provide adequate warning to healthcare providers, or to individual patients," which Walgreen contends undermines their theory of causation. (Mot. 12 (quoting FAC ¶ 13(e)).) Walgreen assumes Plaintiffs mean the *content* of the letter was inadequate, not that the letter was inadequate as a *warning*. Plaintiffs' theory of causation for the negligence claim rests upon the misadministration of epinephrine "due to one of the defects *identified in the generic warning letter*." (FAC ¶ 13(f) (emphasis added).) Even if the letter was inadequate to provide warning to EpiPen users, the letter plausibly could have contained information about defects that could have saved Decedent if Walgreen had conveyed it to him. Plaintiffs plausibly plead that Walgreen's failure to communicate the warnings in the letter was a "substantial factor in bringing about" Decedent's death. *Leyva v. Garcia*, 20 Cal. App. 5th 1095, 1104 (2018).

2008). The Court doubts that Plaintiffs can surmount the challenges their negligence claim faces. However, on this limited record, the Court cannot determine that pleading additional facts toward the existence of a legal duty to warn would be futile. Given the Ninth Circuit policy of granting leave to amend with "extreme liberality," *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (internal quotation marks omitted), the Court gives Plaintiffs leave to amend.

## IV.   CONCLUSION

The Court terminates the withdrawn motion to strike or dismiss. The Court grants Walgreen's motion to dismiss in substantial part and dismisses Plaintiffs' claim for negligence with leave to amend. Plaintiffs may file an amended complaint no later than 14 days from the date of this Order, if they can do so consistent with Federal Rule of Civil Procedure 11(b) and this Order. Failure to file a timely amended complaint will waive the right to do so. Leave to add new defendants or claims must be sought by a separate, properly noticed motion.

**IT IS SO ORDERED.**

Dated: September 22, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE